WARNER W. WESTERVELT, JR., RESPONDENT, v. CHRISTINE L. KUNZ, APPELLANT.

Argued October 22, 1928—Decided February 4, 1929.

For the appellant, *Ward & McGinnis* and *Louis C. Friedman* (*Peter J. McGinnis,* of counsel).

For the respondent, *John B. Zabriskie.*

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff, an attorney-at-law, brought this action to recover compensation for personal services rendered to Miss Kunz, the defendant, in connection with the acquisition by the Port of New York Authority (a body corporate) of certain real estate owned by her.

The trial in the Bergen Circuit resulted in a verdict in favor of the plaintiff for $3,000 and interest, and the defendant appeals from the judgment entered thereon.

The first ground for reversal is that the trial judge erred in refusing to nonsuit, the contention being that in what plaintiff did for the defendant, he acted as a real estate broker, and his suit, not being based on a writing, was barred by the tenth section of the statute of frauds. *Pamph. L.* 1918, *ch.* 273.

But we do not take that view at all. At the trial the evidence showed, or certainly tended to show, the situation to have been as follows:

The plaintiff was an attorney-at-law. The defendant was the owner of real estate which was sought by the Port of New York Authority for an approach to the Hudson river bridge, and it wrote to her to that effect. Surveyors for the Port Authority entered upon her land, and she sought the advice

and services of the plaintiff, who had been her attorney for five years. He advised her that the Port Authority could acquire her property by condemnation, if not by purchase. During the next three months the plaintiff, acting at the request of the defendant, and in her interest, examined the statutes, wrote letters, held interviews, participated in conferences between her and the Port Authority, passed on the legality of a contract for sale to the latter at a price satisfactory to the defendant, and drew the deed and closed the title. Plaintiff was not employed to find a purchaser for the real estate. The purchaser had already appeared. Plaintiff made no effort to have defendant sell. His concern was to protect defendant's interest and to so advise her as to enable her to procure a price that was satisfactory to her. In that he succeeded admirably. His compensation did not depend at all upon a sale, nor at all upon the price obtained if the property was sold. So, upon the whole, the relation between the plaintiff and the defendant was plainly that of attorney and client, and not that of broker and owner, and, hence, his claim was not barred by section 10 of the statute of frauds. The motion to nonsuit was therefore rightly denied.

The next contention is that the plaintiff cannot recover for legal services "because there was no evidence of the rendition of such services, except the preparation of the deed and examining the contract for sale."

To this contention we answer—first, it is ill-founded in point of fact; secondly, if, as is conceded, plaintiff rendered some service, he was entitled to compensation for that service. The question whether or not the amount of the verdict was excessive will not be considered on appeal. *Smith* v. *Brunswick Laundry Co.*, 93 *N. J. L.* 436. The defendant's remedy for the determination of that question was by rule to show cause why the verdict should not be set aside.

The next and last point requiring consideration is that the allowance by the jury of interest on the sum awarded was contrary to law, and, for this reason, the judgment, which was for the amount of the award plus the interest calculated

by the court, should be reversed. We think there is no merit in this. Here there was no legal error as to the rule of damages, as in *Philbrick* v. *Mundy,* 93 *N. J. L.* 43. The propriety of the jury's award of interest in the present case depended upon the weight of the testimony upon which it rested. If, in the view of the defendant, such allowance was not justified, her remedy was by way of a rule to show cause why the verdict should not be set aside as excessive to that amount, and not by way of appeal from the judgment entered upon such verdict.

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.

*For reversal*—None.